IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Linwood Gilbert, IV,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-0674-PHX-PGR (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES SENIOR DISTRICT JUDGE:

    Petitioner Oscar Linwood Gilbert, IV has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.    SUMMARY OF CONCLUSION**

    Petitioner pleaded guilty, and was later sentenced on May 30, 2008. Petitioner filed an "of-right" petition for post-conviction relief that concluded on January 11, 2012, when the Arizona Supreme Court denied Petitioner's petition for review. (Doc. 7, Ex. V.) Petitioner's one-year deadline to file this Petition began 90 days later, on April 11, 2012, when the time to seek certiorari review with the U.S. Supreme Court expired. The statute of limitations began to run the following day on April 12, 2012, and expired a year later on April 12, 2013. The Petition was not filed until April 2, 2014.

    Statutory tolling is not warranted because Petitioner's second and third petitions

for post-conviction relief were deemed untimely by the state courts. Petitioner does not argue for equitable tolling and it is not merited because Petitioner cannot justify the delay in this case.

For the reasons that follow, the Court concludes that Petitioner's claims are untimely. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II.   BACKGROUND

### A.   FACTS OF THE CASE

The facts surrounding the convictions are summarized in the presentence investigation report:[1]

> On February 5, 2007, Special Agents conducted an investigation into the sharing of child pornography by logging into Lime Wire (a computer program that allows the user to download files from other computers via the internet) and using key words which would locate the material. An IP address for a computer containing the suspected files was obtained, and files were downloaded from this specific computer. Investigation revealed the IP address was associated with the defendant's computer.
>
> On July 10, 2007, Special Agents served a search warrant at the defendant's residence, a suite on the Luke Air Force Base. The defendant, an active duty enlisted airman, was interviewed by agents and police. Agents began to question him about his laptop computer and his use of it, he initially stated he used it to search for adult pornography, but occasionally he would receive child pornography in its place. He stated he had seen approximately ten images of child pornography in the past year. He then admitted possessing an external hard drive with thousands of images of adult pornography, and he estimated that twenty-five percent of his pornography collection was actually child pornography. He stated he used LimeWire to download the files, and he acknowledged others had downloaded files from his computer. He also admitted searching for images of girls between the ages of fifteen and seventeen, and that he used search words which would locate this type of pornography. Agents showed him the twelve pictures of child pornography that were previously downloaded

---

[1] Presentence reports are an appropriate source for the facts underlying a defendant's convictions. *See State v. Rose*, 297 P.3d 906, 912 (2013).

from his computer, and asked him to identify if any of the images had ever been on his computer. He identified five of the pictures. The defendant was taken into custody.

On July 18, 2007, Petitioner was indicted on eight counts of Sexual Exploitation of a Minor, class 2 felonies and dangerous crimes against children. (Doc. 7, Ex. A.)

### B. TRIAL COURT PROCEEDINGS

On April 29, 2008, Petitioner pleaded guilty, pursuant to a four-page plea agreement, to two counts of Attempted Sexual Exploitation of a Minor, class three felonies and dangerous crimes against children in the second degree. (Doc. 7, Ex. C.) The plea agreement stipulated that Petitioner be sentenced in Count One for a term of imprisonment not to exceed 10 years. (Doc. 7, Ex. A at 2.) The agreement also stipulated that Petitioner be placed on lifetime probation in Count Two. (Doc. 7, Ex. C at 2.) Petitioner initialed each page and signed the agreement on the third page. (Doc. 7, Ex. C.)

On May 30, 2008, the trial court sentenced Petitioner to a mitigated term of seven years' imprisonment for Count One, to be followed by a lifetime term of probation for Count Two. (Doc. 7, Ex. F.) Petitioner acknowledged in writing that he had 90 days in which to file a notice of post-conviction relief. (Doc. 7, Ex. E.)

### C. PETITIONS FOR POST-CONVICTION RELIEF

#### 1. First PCR Petition

On August 13, 2008, Petitioner filed a timely notice of post-conviction relief. (Doc.7, Ex. G.) On April 22, 2009, Petitioner's appointed counsel filed a petition for post-conviction relief (PCR), which alleged that trial counsel was ineffective for advising Petitioner "to accept a guilty plea before undertaking a proper investigation of the underlying facts." (Doc. 7, Ex. J at 3.) Petitioner further alleged that "an appropriate examination of his computer database" would "most likely" have revealed that Petitioner had no knowledge of the downloaded images of child pornography. (Doc. 7, Ex. J at 4.) Respondents answered on July 7, 2009, and Petitioner filed a reply on July 30, 2009.

On November 16, 2009, the trial court dismissed Petitioner's PCR petition. (Doc. 7, Ex. P.) The court found that Petitioner "and his lawyer did discuss the issue of having

the hard drive forensically examined, but, for whatever reason it was not done." (Doc. 7, Ex. P at 2.) The court determined that Petitioner was thus aware of this fact before he pleaded guilty. Also, despite Petitioner's claim that counsel was ineffective for failing to have the hard drive examined, the court found that "there was no rational reason to look for such evidence because, as reported in the PSR, Defendant had already confessed to searching for and downloading the offending images onto his hard drive." (Doc. 7, Ex. P at 2.)

On August 3, 2011, the Arizona Court of Appeals denied review of the trial court's dismissal order. (Doc. 7, Ex. S.) On January 11, 2012, the Arizona Supreme Court denied Petitioner's petition for review. (Doc. 7, Ex. V.)

### 2. Second PCR Petition

On May 9, 2012, Petitioner filed a second PCR petition. (Doc. 7, Ex. X.) Petitioner argued that because it "cannot be said that a child was victimized by the act of possession" then "the sentence in this case was illegally imposed" as a dangerous crime against children. (Doc. 7, Ex. X at 7.) Petitioner also asserted "that another court" (the Cochise County Superior Court) found that Possession of Child Pornography was not a dangerous crime against children. (Doc. 7, Ex. X at 5.)

On May 15, 2012, the court dismissed the petition. The court addressed Petitioner's claim that his crime was not a dangerous crime and that his sentence was illegally imposed. (Doc. 7, Ex. Y at 1.) The court found that Petitioner "cannot raise claims of this nature in an untimely or successive notice of post-conviction relief. *See* Ariz. R. Crim. P. 32.4(a)." (*Id*.) The court also found that a ruling in a Cochise County Superior Court case "has no binding authority over this Court's decision in the present case." (Doc. 7, Ex. Y at 2.) Thus, the court found that Petitioner failed "to state a claim for which relief can be granted in an untimely or successive Rule 32 proceeding. Rule 32.4(a)." (*Id.*)

On October 7, 2013, the Arizona Court of Appeals granted review, denied relief, and found that the trial court correctly dismissed Petitioner's second PCR petition. (Doc.

7, Ex. BB.) Petitioner did not file a petition for review.

### 3. Third PCR Petition

On August 29, 2013, Petitioner filed a "Writ of Habeas Corpus," which presented arguments similar to those stated in Petitioner's second PCR petition. (Doc. 7, Ex. DD.) Petitioner argued his "dangerous crimes against children enhancement" violated the law and his sentence was illegally imposed. (Doc. 7, Ex. DD at 2, 6.)

On September 30, 2013, the trial court ruled that "[t]his is the Defendant's third Rule 32 proceeding; it is both untimely and successive." (Doc. 7, Ex. EE at 1.) Noting that Petitioner "raised the same claim as in his prior Rule 32 proceedings," the court dismissed the writ. (Doc. 7, Ex. EE at 1-2.)

### D. FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On April 2, 2014, Petitioner filed the instant habeas Petition, which advances three grounds for relief:

> **Ground 1**: Counsel was ineffective by failing to investigate Petitioner's computer to determine whether the "computer was either hacked or being accessed by third parties who may have sent pornography to the computer without his permission."
>
> **Ground 2**: Petitioner would not have pleaded guilty if he had known other Arizona superior courts found his crime was not a dangerous crime against children.
>
> **Ground 3**: Petitioner's sentence was illegally imposed because his crime is not a dangerous crime against children under the law.

(Doc. 1.)

On November 12, 2014, the State filed a Response to the Petition. The State argues the Petition is untimely. (Doc. 9.)

### III. THE PETITION IS UNTIMELY.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

## A. TIME CALCULATION AND STATUTORY TOLLING

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on May 30, 2008 pursuant to a plea agreement. Petitioner had 90 days from that date to timely file an "of-right" petition for post-conviction relief. Ariz. R.Crim. P. 32.4(a) ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence"). Petitioner filed a timely notice of post-conviction relief on August 13, 2008. (Doc. 7, Ex. G.)

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred."). In a non-capital case where the defendant pleaded guilty, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32 of the Arizona Rules of Criminal Procedure. "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007).

On January 11, 2012, the Arizona Supreme Court denied Petitioner's petition for review. (Doc. 7, Ex. V.) That proceeding remained pending until 90 days later, on April 11, 2012, when the time to seek certiorari review with the U.S. Supreme Court expired. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001) (Judgment becomes final either by the conclusion of direct review by the highest court, including the United States Supreme Court, or by the expiration of the time to seek such review). "[T]he period of

'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [90–day] period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). The statute of limitations began to run the following day on April 12, 2012, and expired a year later on April 12, 2013.

The Petition was not filed until April 2, 2014. Absent tolling, the Petition is untimely.

### B.  SUCCESSIVE PCR PETITIONS

The statute of limitations was not tolled by Petitioner's successive PCR petitions. Petitioner's second and third Rule 32 proceedings were not "properly filed" within the meaning of Section 2244(d)(2) and, therefore, they did not toll the one-year limitations bar. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (finding that post-conviction proceeding that is rejected by state courts on timeliness grounds is not "properly filed" under 28 U.S.C. § 2244(d)(2)).

Petitioner's second petition was dismissed by the trial court because it was untimely under Ariz. R. Crim. P. 32.4(a).  The court rejected Petitioner's first claim (possession of child pornography was not a dangerous crime against children because children were not victimized) because Petitioner "cannot raise claims of this nature in an untimely or successive notice of post-conviction relief." (Doc. 7, Ex. Y at 1.) The Arizona Court of Appeals affirmed. (Doc. 7, Ex. BB at 2.) Under Arizona's preclusion rule, petitioners generally are barred from raising any claim that was "[f]inally adjudicated on the merits on appeal or in any previous collateral proceeding," or "waived at trial, on appeal, or in any previous collateral proceeding." *See* Ariz. R.Crim. P. 32.2(a)(2),(3). The court also rejected Petitioner's second claim (a ruling in Cochise County Superior Court was a significant change in the law) and ruled that a different superior court determination "has no binding authority over this Court's decision in the present case." (Doc. 7, Ex. Y at 2.) Thus, the court found Petitioner failed "to state a claim for which relief can be granted in an untimely or successive Rule 32 proceeding.

Rule 32.4(a)." (*Id.*)

Petitioner is not entitled to statutory tolling. *See Ruiz v. Schriro*, 289 Fed. Appx. 195, 197 (9th Cir. 2008) (unpublished) (finding that petitioners "claim did not fall under the significant change in law exception" and was dismissed on "timeliness grounds under Rule 32.4," thus "because the Arizona trial court correctly found the third petition untimely under state law, it was not 'properly filed' and did not toll AEDPA's statute of limitations); *Baker v. Ryan*, 497 Fed. Appx. 771, 773 (9th Cir. 2012) (unpublished) ("Because Baker's fourth petition did not qualify for the Rule 32.1(g) exception to the conditions to filing in Rule 32.4(a), we conclude that it was untimely under Arizona law. Untimely petitions are not 'properly filed', so the fourth petition does not toll AEDPA."); *Sorokin v. Schriro*, CV-07-579-PHX-DGC, 2008 WL 4183352, at 7 (D. Ariz. 2008) (finding no tolling where the trial court found the petitioner's claim failed to qualify as an exception pursuant to Rule 32.1(g) and, therefore, "the successive petition was untimely, failed to qualify under the gateway exceptions of Rule 32.1(d) through (h), and thus, was not 'properly filed' for purposes of 28 U.S.C. § 2244(d)(2).").

Petitioner's third PCR petition was also dismissed as "untimely." (Doc. 7, Ex. EE at 1.) The Superior Court's rejection of these petitions means that they "must be treated as improperly filed, or as though [they] never existed," such that "for purposes of section 2244(d), the pendency of th[e] petition[s] did not toll the limitations period." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). Also, once the AEDPA limitations period expires, a subsequently filed state post-conviction proceeding cannot restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (noting that an application for state post-conviction relief filed after expiration of the AEDPA statute of limitations did not reinitiate the limitations period).

### C. EQUITABLE TOLLING

"A petitioner who seeks equitable tolling of AEDPA's 1–year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct.

2549, 177 L.Ed.2d 130 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Marcello*, 212 F.3d at 1010).

Here, Petitioner presents no explanation for the delay in filing the Petition. The claims raised in the Petition are similar to those argued in state court. Petitioner was aware of the nature of his claim and was able to file a Petition. *See Waldron–Ramsey*, 556 F.3d at 1014 (stating that petitioner "could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline."); *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (even without access to his case file, petitioner must "at least consult his own memory of the trial proceedings."). Petitioner has not satisfied his burden of showing that equitable tolling should apply.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**

**PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 15th day of July, 2015.

Honorable John Z. Boyle
United States Magistrate Judge